UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRYAN GLOVER and BARBARA GLOVER,<br><br>　　　　　　　　Plaintiffs,<br>vs.<br><br>MARVIN WINDOWS and DOORS a/k/a MARVIN WINDOWS, a/k/a MARVIN LUMBER AND CEDAR COMPANY, a/k/a MARVIN WOOD PRODUCTS,<br><br>　　　　　　　　Defendants. | )<br>)<br>)　C.A. No. 04-209 Erie<br>)<br>)<br>)<br>)　Judge Sean McLaughlin<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

### INTRODUCTION

Defendant Marvin Lumber and Cedar Company, incorrectly named as Marvin Windows and Doors, a/k/a Marvin Windows, a/k/a Marvin Lumber and Cedar Company, a/k/a Marvin Wood Products ("Marvin"), respectfully submits this Reply Memorandum in Support of its Motion for Summary Judgment.

Despite Plaintiffs' submission of a self-serving affidavit in contradiction to sworn deposition testimony, the undisputed material facts show that Plaintiffs have experienced condensation, which they claim results from a defect, on the windows and doors of their house since their installation in 1996 and 1998. Accordingly, *all* of Plaintiffs' causes of action are barred by the applicable statutes of limitations. Furthermore, Plaintiffs have failed to offer any evidence or expert opinion that demonstrates that there was a defect in the Marvin brand products at the time such products left Marvin's possession and control. Because evidence of a defect at the time of sale is essential to establishing that Marvin is liable for Plaintiffs' damages on product defect theories, Marvin's motion for Summary Judgment must be granted.

**LEGAL ARGUMENT**

I. **All Of Plaintiffs' Causes Of Action Are Barred By The Applicable Statutes Of Limitations.**

   A. **The Discovery Rule Does Not Apply To Toll The Statutes Of Limitations.**

Plaintiffs claim that, under the discovery rule, the statutes of limitations applicable to their alleged causes of action did not begin to run until an ambiguous later date, but in any event within the applicable limitations periods. *See Plaintiffs' Memorandum of Law in Opposition of Motion for Summary Judgment*, p. 4 (hereinafter *"Plaintiffs' Memorandum"*). For the reasons set forth below, the discovery rule does not apply in this situation and, therefore, all of Plaintiffs' causes of action are time-barred and Marvin's motion for summary judgment must be granted.

As a general rule, a party asserting a cause of action is under a duty to use all reasonable diligence to be properly informed of the facts and circumstances upon which a potential right of recovery is based and to institute suit within the prescribed statutory period. *Pocono Int'l Raceway, Inc. v. Pocono Produce, Inc.*, 468 A.2d 468, 471 (Pa. 1983) (citations omitted). Thus, the statute of limitations begins to run as soon as the right to institute and maintain a suit arises. *Id.* Lack of knowledge, mistake or misunderstanding do not toll the running of the statute of limitations. *Id.* Once the limitations period has expired, the party is barred from bringing suit unless it is established that an exception the general rule applies, which acts to toll the running of the limitations period. *Id.*

Plaintiffs contend that the discovery rule, an exception to the general rule, acts to toll the running of the limitations periods applicable to their alleged causes of action. *See Plaintiffs' Memorandum*, pp. 4-5. The discovery rule, however, does not apply to toll the limitations periods in this case. The discovery rule is applicable only when the injured party is *unable, despite the exercise of due diligence*, to know of the applicable injury or its cause. *Pocono*, 468

A.2d at 471. In those limited circumstances, the statute of limitations is thus tolled until such time as the plaintiff discovers, or reasonably should have discovered, the injury. *Id.* A court presented with an assertion that the discovery rule is applicable to a situation must, before applying the exception, address the ability of the damaged party, exercising reasonable diligence, to ascertain the fact of a cause of action. *Id.* The party seeking to invoke the discovery rule bears the burden of establishing the inability to know that he has been injured by the acts of another despite the exercise of reasonable diligence. *Baselice v. Franciscan Friars Assumption BVM Province, Inc.*, 2005 WL 1538998 at *3 (Pa. 2005).

In an analogous case, the insured owner of a shopping center sued its insurers to recover for property damage to the center, including uneven and cracked floors. *Caln Village Assoc., L.P. v. The Home Indemnity Co.*, 75 F.Supp.2d 404 (E.D. Pa. 1999). Plaintiff argued that the discovery rule should apply to toll the contractual suit limitations clause. *Id.* at 409. In determining that the discovery rule did not apply, the court noted that floor cracks appeared almost immediately after construction was complete. *Id.* at 411. The number and size of the cracks progressively increased with the passage of time, until Plaintiff received a report identifying the potential cause of the cracking. *Id.*

In reaching its decision that the discovery rule was inapplicable, the court allowed that the appearance of the first cracks would not necessarily put a reasonable person on notice of an injury. *Id.* at 412. However, after two years of ongoing and progressive damage, the direct physical damage had manifested itself in a way that could be ascertained by reasonable diligence. *Caln Village*, 75 F.Supp.2d at 412. Caln Village was no longer "blamelessly innocent of hidden damage." *Id.* As a matter of law, therefore, it was uncontroverted that the passage of

3

time coupled with the damage becoming more pronounced would have made it manifestly apparent to a reasonable person that the persistent problems were not normal. *Id.*

Here, Plaintiffs' alleged causes of action were discoverable by the exercise of diligence in the use of means within Plaintiffs' reach. Therefore, no equitable exception to the applicable statutes of limitations is warranted. The discovery rule simply does not apply to the facts and circumstances of this case. Like the uneven, cracked floors complained of in *Caln Village*, Plaintiffs readily admit that they experienced condensation on the windows in their residence *from the date of installation. See Complaint*, p. 1-3; *see also Deposition of Bryan Glover*, Ex. B, pp. 59, 61, 80-82, 84, 86. Yet they delayed filing suit for years despite this obvious condition, which is the injury complained of.

In a transparent attempt to manufacture a genuine issue of material fact to preclude summary judgment, Plaintiffs submitted an Affidavit of Barbara Glover. Conclusory, self-serving affidavits are insufficient to withstand a motion for summary judgment. *Blair v. Scott Specialty Gases*, 283 F.3d 595, 608 (3rd Cir. 2002). When a motion for summary judgment is made and supported as provided in the rule, the adverse party may not rest only on the mere allegations or denials in his pleadings, but must set forth in his response by affidavits, or as otherwise provided, specific facts in dispute. *Kniaz v. Benton Borough*, 642 A.2d 551, 553 (Pa. Commw. Ct. 1994), *citing* Pa. R. Civ. Pro. 1035(d); *see also* Fed. R. Civ. Pro. 56(e).

Mrs. Glover's self-serving affidavit is insufficient to raise a genuine issue of material fact so as to preclude summary judgment in Marvin's favor. Both Mr. and Mrs. Glover were deposed at length on May 31, 2005. When Mrs. Glover was asked to point out any inconsistencies in her husband's deposition, she merely mentioned that he had misstated the location of a window. *Barbara Glover Deposition*, Ex. C, p. 4. Plaintiffs never testified that mold first appeared on the

4

windows in 2000. Plaintiffs never testified that they did not know they had suffered an injury until "the appearance of mold on the windows in 2000." *Plaintiffs' Memorandum*, p. 6. If this information were germane at the time of the deposition, surely Plaintiffs or their attorney would have seen fit to clarify their deposition testimony. In fact, Plaintiffs unequivocally testified that they had experienced condensation on the windows in their residence since the time of installation. Nevertheless, they delayed bringing suit for approximately seven years from the date they first became aware of the condensation.

This is not the sort of blameless ignorance which compels the application of the discovery rule. This is not a case where the alleged damage was hidden from view behind a wall. The condensation was an open and obvious condition from the time of installation of the windows. Accordingly, the undisputed evidence is that Plaintiffs have been aware of the alleged injury, the condensation, since the dates the windows were installed in 1996 and 1998. The statutes of limitations, therefore, began to run from that time.

### B. Equitable Estoppel Does Not Apply In This Case To Preclude Marvin From Asserting Statute Of Limitations Defenses.

In the alternative, Plaintiffs allege that the doctrine of equitable estoppel precludes Marvin from raising statute of limitations defenses to Plaintiffs' stale claims. *See Plaintiffs' Memorandum*, pp. 7-8. To succeed, Plaintiffs must show that Marvin (1) intentionally or negligently misrepresented a material fact; (2) knew or had reason to know that Plaintiffs would rely justifiably on the misrepresentation; and (3) induced the Plaintiffs to act to their detriment because of their reliance on the misrepresentation. *Baker v. Upper Southampton Township Zoning Bd.*, 830 A.2d 600, 604 (Pa. Commw. Ct. 2003). Equitable estoppel applies where, because of something that has been done, a party is denied the right to plead or prove an otherwise important fact. *Nestbitt v. Erie Coach Company*, 204 A.2d 473, 476 (Pa. 1964).

Estoppel becomes operative only in clear cases of fraud, deception or concealment. *Walters v. Ditzler*, 227 A.2d 833, 835 (Pa. 1967).

In the case at hand, Plaintiffs cannot show by clear, precise and unequivocal evidence that Marvin made any misrepresentation in connection with the windows and doors installed in Plaintiffs' residence. In fact, the record reflects just the opposite. Plaintiffs have failed to introduce admissible expert evidence to show that their alleged condensation problem is the result of defective windows and not excessive humidity, as Marvin has repeatedly informed them. Marvin has never wavered from its assertions to the Plaintiffs that the condensation problems allegedly experienced are the result of excessive humidity.

Plaintiffs have introduced no evidence to show that Marvin made affirmative representations to them to induce not to act in some fashion. Plaintiffs cannot show that they were "denied the right to plead or prove an otherwise important fact" because of something Marvin has done. In their depositions, Plaintiffs never testified that Marvin made any misrepresentations to them that caused them to "look elsewhere" to determine the cause of the alleged problems with their windows. There is no evidence that Plaintiffs detrimentally relied on Marvin's representations. Accordingly, there is not even a scintilla of evidence that Marvin misrepresented to the Plaintiffs that excessive humidity was the cause of their condensation problems when, in reality, the windows were actually defective. Plaintiffs fall woefully short of their burden to show fraud, deception or concealment on the part of Marvin.

Simply put, equitable estoppel does not apply in this case. It is undisputed that Plaintiffs began experiencing condensation on their windows from the time they were installed in Plaintiffs' residence. Nevertheless, Plaintiffs' "slept on" their rights. Despite the uncontroverted evidence in the record that they were aware of excessive condensation issues from the date of

installation of the windows in their residence, Plaintiffs delayed almost ten years before bringing suit. Marvin cannot be estopped from asserting statute of limitations defenses to Plaintiffs' alleged causes of action.

### C. All Of Plaintiffs' Claims Are Time-Barred.

Because the discovery rule is inapplicable to toll the requisite statutes of limitations periods and because Plaintiffs cannot meet their burden in showing that Marvin is estopped from asserting statute of limitations defenses, it is, therefore, undisputed that **all** of Plaintiffs' causes of action against Marvin are time-barred.

First, Plaintiffs' breach of contract claim is time-barred. Under the applicable four year statute of limitations, Plaintiffs were required to bring their cause of action for breach of contract by, at the latest, December 2000 with regard to the 1996 product and during the calendar year 2002 with regard to the 1998 product. Because Plaintiffs failed to instigate suit until October, 2003, Plaintiffs' claims for breach of contract are time-barred and must be dismissed.

Second, Plaintiffs' breach of express warranty and Magnuson-Moss Warranty Act claims are time-barred. Under the applicable four year statute of limitations, Plaintiffs were required to bring their causes of action for breach of express warranty and Magnuson-Moss Warranty Act by, at the latest, December 2000 with regard to the 1996 product and during the calendar year 2002 with regard to the 1998 product. Because Plaintiffs failed to instigate suit until October 2003, Plaintiffs' breach of express warranty and Magnuson-Moss Warranty Act claims are time-barred and must be dismissed.

Third, Plaintiffs' implied warranty claims are time-barred. Under the applicable four year statute of limitations, Plaintiffs were required to bring their breach of implied warranty claims for the 1996 product prior to October 11, 2000 and for the 1998 product during the

calendar year 2002. Because Plaintiffs failed to instigate suit until October, 2003, Plaintiffs' claims for breach of implied warranty are time-barred and must be dismissed.

Fourth, Plaintiffs' Pennsylvania Unfair Trade Practices and Consumer Protection Law Claims ("UTPCPL") are time-barred. Under the applicable six year statute of limitations, Plaintiffs were required to assert such claims against Marvin, at the latest, by October, 2002. Because Plaintiffs failed to file suit against Marvin until October, 2003, Plaintiffs' UTPCPL claims are barred by the statute of limitations.

## II. Plaintiffs Cannot Establish That The Integrity Products Were Defectively Designed Or Manufactured.

Plaintiffs claim they have disclosed competent expert testimony to support their claims that the Integrity windows are allegedly defective in allowing excessive heat transfer, which results in excessive condensation on the inside surface of the windows. *See, Complaint*, p. 2. However, Plaintiffs have failed to establish any evidence or expert opinion that demonstrates that there was a defect in the Integrity brand products at the time such products left Integrity's possession and control. Because evidence of a defect at the time of sale is essential to establishing that Marvin is in any way liable for Plaintiffs' damages on product defect theories, Marvin's motion for summary judgment must be granted.

### A. Neither Of Plaintiffs' Experts Are Qualified To Opine Regarding Design Or Manufacturing Defects In Windows.

Evidence offered in opposition to a motion for summary judgment must be such as would be admissible at trial. *Harris v. Harris*, 615 A.2d 771, 775 (Pa. Super. Ct. 1992). Before a person may offer expert testimony, the Court must satisfy itself that the testimony will be given by a witness *qualified* as an expert. This is necessary because an unqualified expert's opinions will not assist the trier of fact. *See* Pa. R. Evid. 702; *see also* Fed. R. Evid. 702. The

admissibility of expert testimony turns on whether the expert is qualified, and whether the testimony will assist the trier of fact to understand the evidence or to determine a fact in issue. *Id.* The test to be applied when qualifying an expert witness is whether the witness has any reasonable pretension to specialized knowledge on the relevant subject. *Miller v. Brass Rail Tavern, Inc.*, 664 A.2d 525, 528 (Pa. 1995). In addition, the expert's opinion must be expressed with reasonably certainty. *McMahon v. Young*, 276 A.2d 534, 535 (Pa. 1971).

Neither Duane Davis nor Mervin Tyler purport to have knowledge, skill, education, training or experience in designing or manufacturing windows. *See generally, Plaintiffs' Memorandum, Exs. E and F.* Instead, these purported experts' *only claimed* area of competence or expertise is in investigating the cause of water infiltration and determining the location of damages requiring repair.

No matter how qualified these witnesses may be at determining the location of water damages or entry, they do not even purport to be able to determine how a window should be designed or manufactured to prevent such water damage and entry. As such, they lack the expertise to formulate and offer admissible expert testimony regarding window design or manufacture and their opinions regarding the same should be disregarded by the Court.

### B. Mr. Tyler's Opinions Do Not Create A Question Of Fact Regarding Marvin's Liability To Plaintiffs.

Even assuming that Mr. Tyler had the required expertise to offer admissible opinions regarding the windows, his deposition testimony fails to address an essential element necessary to Marvin's liability to Plaintiffs – *i.e.*, **that a defect existed at the time the windows were sold.** In order to prevail on a products liability action, Plaintiffs must prove (1) that the product was defective, (2) that the defect existed when it left the hands of the defendant, and (3) that the defect caused the harm. *See, e.g., Ellis v. Chicago Bridge & Iron Co.*, 545 A.2d 906, 909 (Pa.

1988). The threshold inquiry is whether the product is defective. *Schindler v. Sofamor, Inc.*, 774 A.2d 765 (Pa. Super. 2001).

    Nowhere in his deposition does Mr. Tyler allege that any window was defective at the time of sale. In fact, when asked if he has had any experience with Marvin or Integrity windows or doors, Mr. Tyler testified, "No, I haven't." *Plaintiffs' Memorandum, Ex. E*, p. 5. Mr. Tyler visited Plaintiffs' home only once. The purpose of the visit was to provide Plaintiffs with an estimate to replace their windows with Pella brand windows. Mr. Tyler admits he was not asked to visit Plaintiffs' house to evaluate their condition. *Id.*, p. 10. Mr. Tyler never performed any testing of the windows. *Id.*, p. 22. He further admits that he is unsure whether he even **looked** at every window in the house. *Id.*, p. 16. Furthermore, Mr. Tyler's conclusion based on his limited inspection of the windows were that several, **not all**, of the windows exhibited "seal failure." *Id.*, p. 18. During his only visit to Plaintiffs' residence, Mr. Tyler **did not even observe any condensation** on the windows. *Id.*, p. 28. It was only after being shown several photographs allegedly depicting the condensation exhibited on some of the windows installed in Plaintiffs' residence that Mr. Tyler opined that the condition could have been caused by thermal failure **or excessive humidity.** *Id.*, p. 29. Thus, there is no admissible evidence in Mr. Tyler's deposition transcript that demonstrates Marvin's liability for Plaintiffs' damages on the basis of a defect that existed in the windows when they were sold. Since evidence of such a defect is essential to proving Marvin's liability, Plaintiffs' failure to establish such evidence is fatal to their claims.

    Mr. Tyler's deposition contains no foundation for his opinion that the windows he looked at are defective by allowing excessive heat transfer. While Mr. Tyler may be capable of identifying visible damage to a window, he is incapable of addressing several of the factors

relevant to a determination of whether a product is defective. He is not qualified to identify whether the purported "seal failures" or "thermal failures" referenced in his deposition are a **manufacturing** or a **design** defect. Instead, Mr. Tyler merely concludes that he was asked to give the Plaintiffs an estimate of the cost to replaced the windows in the house with Pella products.

Without the required foundation for the opinion, Mr. Tyler's testimony amounts to mere conjecture and speculation. Such testimony is not based on adequate foundation and is not admissible. Mr. Tyler also fails to express an opinion as to whether there was a feasible alternative design or manufacturing process available in 1996 and 1998 when these windows were manufactured. Obviously, if no feasible design or manufacturing alternative existed, Marvin can have no liability under design or manufacturing defect theories.

Mr. Tyler's failure to articulate an opinion on alternative designs or to support his apparent conclusions regarding defects with the foundation on which such conclusions are based demonstrates that his opinion and analysis is cursory at best and that his opinion would not be admissible at trial. Indeed, absent the presentation to the Court of the foundation and analysis underlying Mr. Tyler's opinion, the Court could not conclude that his opinion would be helpful to the jury and therefore could not admit the testimony. Of course, if Mr. Tyler's testimony is not admissible as "expert opinion," it cannot create a genuine issue of material fact as to whether the Marvin products were defective at the time they were sold.

Mr. Tyler's conclusory and inadmissible opinions do not establish that any defect existed in the Integrity products at the time of sale to Plaintiffs. Moreover, no evidence exists that would demonstrate that any condensation which may now be occurring is a result of the negligence or fault of Marvin, as opposed to simply being caused by the fact that the windows have been

subjected to excessive humidity for close to ten years. In light of Plaintiffs' inability to establish Marvin's liability on the basis of Mr. Tyler's testimony, Marvin is entitled to summary judgment.

### C. Mr. Davis' Opinions Do Not Create A Question Of Fact Regarding Marvin's Liability To Plaintiffs.

Plaintiffs also rely on a one-page letter written by Duane Davis to support their contention that the Integrity products installed in their residence are somehow defective. As with Mr. Tyler, Mr. Davis never opines that any window was defective at the time of sale. Instead, Mr. Davis claims that he disassembled an "extra window" and determined without further analysis that the window had been assembled poorly, thus allowing air to leak in around the glass. *Plaintiffs' Memorandum, Ex. E.* This "extra window" presumably was one of the original 1996 windows installed in the house which were replaced in 1998. As such, it does not represent any of the windows currently installed in the house. Mr. Davis admits that he tested only this previously deteriorated window and did not test any of the windows currently installed in the house. *Id.* Thus, there is no admissible evidence in Mr. Davis' one-page letter that demonstrates Marvin's liability for Plaintiffs' damages on the basis of a defect that existed in the windows when they were sold. Since evidence of such a defect is essential to proving Marvin's liability, Plaintiffs' failure to establish such evidence is fatal to its claim.

In addition, Mr. Davis' one-page letter contains no foundation for his opinion that the windows he looked at once are defective by allowing excessive heat transfer. While Mr. Davis may be capable of identifying visible damage to a window, he is incapable of addressing several of the factors relevant to a determination of whether a product is defective. He is not qualified to identify whether the purported "seal failures" referenced in his one-page letter are a **manufacturing** or a **design** defect.

12

Without the required foundation for the opinion, Mr. Davis' one-page letter amounts to mere conjecture and speculation. Such evidence is not based on adequate foundation and is not admissible. Mr. Davis also fails to express an opinion as to whether there was a feasible alternative design or manufacturing process available in 1996 and 1998 when these windows were manufactured. Obviously, if no feasible design or manufacturing alternative existed, Marvin can have no liability under design or manufacturing defect theories.

Mr. Davis' failure to articulate an opinion on alternative designs or to support his apparent conclusions regarding defects with the foundation on which such conclusions are based demonstrates that his opinion and analysis is cursory at best and that his opinion would not be admissible at trial. Indeed, absent the presentation to the Court of the foundation and analysis underlying Mr. Davis' opinion, the Court could not conclude that his opinion would be helpful to the jury and therefore could not admit the testimony. Of course, if Mr. Davis' testimony is not admissible as "expert opinion," it cannot create a genuine issue of material fact as to whether the Marvin products were defective at the time they were sold.

Mr. Davis' conclusory and inadmissible opinions do not establish that any defect existed in the Integrity products at the time of sale to Plaintiffs. Moreover, no evidence exists that would demonstrate that any condensation which may now be occurring is a result of the negligence or fault of Marvin, as opposed to simply being caused by the fact that the windows have been subjected to excessive humidity for close to ten years. In light of Plaintiffs' inability to establish Marvin's liability on the basis of Mr. Davis' testimony, Marvin is entitled to summary judgment.

## CONCLUSION

For the foregoing reasons, Marvin respectfully requests that this Court grant its motion for summary judgment and dismiss all of Plaintiffs' claims against it.

                MARSHALL, DENNEHEY, WARNER,
                COLEMAN & GOGGIN

By: _____
            G. Jay Habas

PA ID No. 55581
The Renaissance Center
1001 State Street, Suite 1400
Erie, Pennsylvania 16502
(814) 461-7800

and

WINTHROP & WEINSTINE, P.A.
Donald J. Brown, MN#154180
Christianna L. Finnern, MN#310724
225 South Sixth Street, Suite 3500
Minneapolis, Minnesota 55402
(612) 604-6400


Attorneys for Defendant
Marvin Lumber and Cedar Company

\16_A\LIAB\GJH\LLPG\50899\BXS\08013\00107

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRYAN GLOVER and BARBARA GLOVER, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>MARVIN WINDOWS and DOORS a/k/a MARVIN WINDOWS, a/k/a MARVIN LUMBER AND CEDAR COMPANY, a/k/a MARVIN WOOD PRODUCTS,<br><br>Defendants | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 04-209 Erie<br>)<br>) Judge Sean J. McLaughlin<br>)<br>)<br>)<br>)<br>) JURY TRIAL DEMANDED<br>) |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of Defendant Marvin Windows, Inc.'s Reply Memorandum in Support of Motion for Summary Judgment was mailed to the following listed below this 3rd day of August, 2005 by United States First Class mail, postage pre-paid.

Bryan D. Fife, Esq.
Quinn, Buseck, Leemhuis, Toohey & Kroto
2222 West Grandview Blvd.
Erie, PA 16506-4508

MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN

By:_____
G. Jay Habas, Esquire